DeMarco Mitchell, PLLC
Robert T. DeMarco
Michael S. Mitchell
1255 West 15th St., 805
Plano, TX 75075
T  972-578-1400
F  972-346-6791

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| IN RE: | Case No.: | 23-40703 |
|---|---|---|
| **Saibaba Hotels, LLC,**<br>82-2535240<br>7417 Hidden Cove Lane<br>Frisco, TX 75034 | Chapter: | 11 |
| **Debtor.** | | |

**DEBTOR'S MOTION FOR AUTHORITY TO
PAY CERTAIN PREPETITION WAGE AND TAX CLAIMS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now, Saibaba Hotels, LLC, debtor in possession in the above-styled and numbered case ("**Debtor**") and files this *Debtor's Motion for Authority to Pay Certain Prepetition Wage and Tax Claims* ("**Motion**") by and through the undersigned attorney. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of **Anuradha Puligundla** in Support of First Day Motions* ("**First Day Declaration**"). In further support of this Motion the Debtor respectfully avers as follows

I.    **JURISDICTION**

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding. 28 U.S.C. §§ 157(b)(1), (b)(2)(M).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b)(1) and 507(a)(4) of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

## II. BACKGROUND

4. This bankruptcy case was commenced by the filing of voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on November 8, 2022 (the "**Petition Date**").

5. Scott Seidel has been appointed as the Subchapter V Trustee.

6. Information regarding the Debtor's history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these bankruptcy cases can be found in the First Day Declaration, which is incorporated herein by reference.

## III. FACTS SPECIFIC TO RELIEF REQUESTED
### A. Employee Payroll

7. The Debtor employs approximately 10 persons. The employees were paid through and including April 15, 2023. As such, as of the Petition Date, April 24, 2023, the Debtor's employees were not paid for the period of April 16, 2023, through and including April 24, 2023 ("**Prepetition Payroll**").

8. The total GROSS Prepetition Payroll (defined in the Motion) due and owing as of the Petition Date is as follows**:**

| Debtor | Amount |
|---|---|
| **Saibaba Hotels, LLC** | $4,347.38 |

9. The Debtor needs to continue to pay the wages due and owing its employees on a timely basis. The granting of such relief is in the best interest of the estate.

10. The Prepetition Payroll is substantially less than the per creditor limits set forth in 11 U.S.C. § 507(a)(4).

11. The next scheduled payroll date for the Debtor is **November 14, 2022**.

12. The Debtor needs to continue to pay the wages and distributions due and owing its employees on a timely basis. The granting of such relief is in the best interest of the bankruptcy estates.

### B.  Payroll Tax Obligations

13. In connection with the aforementioned payroll, the Debtor has incurred certain tax obligations.

14. The Debtor is current on its tax obligations, but for the referenced payroll.

15. The Debtor estimate its tax obligations in connection with the subject payroll is as follows:

| Debtor | Amount |
|---|---|
| **Saibaba Hotels, LLC** | $340.62 |

16. Attached hereto as Exhibit "A" and incorporate herein by this reference is a detail of the foregoing payroll and tax amounts.

### IV.  RELIEF REQUESTED

17. By this Motion, the Debtor requests the entry of an order pursuant to Sections 105(a), 363(b)(1) and 507(a)(4) of the Bankruptcy Code authorizing, *but not requiring*, the Debtor, in accordance with its stated polices and in its ordinary course, to immediately pay or otherwise honor the Debtor's prepetition wage and tax obligations.

### VI. BASIS FOR RELIEF

#### A. Prepetition Payroll

18. It is well established that a bankruptcy court may authorize the payment of pre-petition wages and benefits when necessary. Payment of pre-petition wages, on an immediate basis, is rooted in the "doctrine of necessity," which doctrine, courts have consistently adopted where the failure to do so would jeopardize the Debtor's chance of reorganization.

19. Pursuant to section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) codifies the bankruptcy court's inherent equitable powers. See Marrama v. Citizens Bank of Mass., 127 S.Ct. 1105 (February 21, 2007)(Section 105 was relied upon heavily by the majority of the Court in ruling that there is no absolute right to convert a chapter 7 bankruptcy case under § 706 of the Bankruptcy Code despite the clear textual reading of the statute); In re Feit & Dexler, Inc., 760 F.2d 406 (2nd Cir. 1985).

20. The relief requested herein is supported by the well established "necessity of payment" doctrine. *See, In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 176 (Bankr. S.D.N.Y. 1989) citing *Miltenberger v. Logansport, C. & S. W. R. Co.*, 106 U.S. 286 (1882). The "necessity of payment" doctrine "teaches no more than, if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of corpus." *In re Lehigh & New England Railway Company*, 657 F.2d 570, 581 (3rd Cir. 1981); *see also Pension Benefit Guarantee Corporation v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 159 B.R. 730, 736 (Bankr. W.D.Pa. 1993). Similarly, the court in Ionosphere stated the "necessity of payment" doctrine "recognizes the existence of

the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." *Ionosphere*, 98 B.R. at 176.

21. The Ionosphere case is of particular import to the case sub judice, since Judge Lifland relied on his equitable powers under section 105 and, in particular, the "necessity of payment" doctrine, to authorize the payment of wages, salaries, medical benefits and business expenses to its then current employees. *Ionosphere*, 98 B.R. at 176. Judge Liffland recognized that employee retention and positive morale were two critical factors to a successful reorganization, which factors are enhanced when payroll is paid timely. *Ionosphere*, 98 B.R. at 176.

22. Accordingly, the "necessity of payment" doctrine authorizes the Debtor to pay the amounts they seek authority to pay by this Motion. The Debtor believes that all amounts it seeks to pay are entitled to priority claim status under section 507(a)(4) of the Bankruptcy code and individually do not exceed the dollar limits set forth therein. As such, the Debtor will likely have to pay all such claims in full to confirm a plan of reorganization. *See* 11 U.S.C. § 1129(a)(9)(B). The relief requested herein, if granted, affects only the timing and not the amount for most such claims.

23. If the Debtor misses payroll, many of the employees will face severe financial hardship. Moreover, the Debtor believes that if it is unable to honor its payroll obligations employee morale and loyalty will be jeopardized at a time when employee support is critical. The loss of any employee or independent contractor has the potential to seriously jeopardize the Debtor's reorganization efforts.

24. The payment of the amounts requested herein pursuant to the "necessity of payment" doctrine is in the best interest of the Debtor and this estate. *See Lehigh*, 657 F.2d at 581.

25. Nothing contained herein shall constitute a request for authority to assume or reject any agreements, policies or procedures relating to employee wages.

### B.    Prepetition Payroll Tax Obligations

26. The Debtor submits that many, if not all, of the Taxes likely constitute "trust fund" taxes which are required to be collected from third parties and held in trust for payment to the appropriate taxing authority. *See e.g. In re Al Copeland Enterprises, Inc.*, 133 B.R. 837 (Bankr. W.D. Tex. 1991), *aff'd*, 991 F.2d 233 (5th Cir. 1993) (the debtor was obligated to pay Texas sales taxes plus interest because such taxes were "trust fund" taxes). To the extent the Taxes are "trust fund" taxes, they are not property of the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code. *Begier v. I.R.S.*, 496 U.S. 53, 67 (1990) ("payments of trust fund taxes to the IRS from its general accounts were not transfers of "property of the debtor," but were instead transfers of property held in trust for the Government...."); *Equalnet Communications, Corp.*, 258 B.R. 368, 370 (Bankr. S.D.Tex. 2000) ("With respect to taxes, certain prepetition tax claims, such as sales taxes, could be trust fund claims. Obviously the legal right to payment of such claims at any time appears irrefutable."). As such, the Debtor has no equitable interest in any such "trust fund" Taxes.

27. Nonetheless, even if the Taxes do not constitute "trust fund" Taxes, the Debtor believes that the payment of such Taxes is appropriate under Section 105(a) of the Bankruptcy Code. Pursuant to Section 105(a) of the Bankruptcy Code, "[t]he court may issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

28.     The United States Supreme Court has authorized bankruptcy courts to use the equitable powers granted in Section 105(a) to authorize the payment of certain prepetition obligations where, as here, any nonpayment could harm the Debtor's reorganization efforts. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) (section 105 empowers the bankruptcy court to authorize the payment of prepetition obligations when such payments are necessary to facilitate the rehabilitation of the debtor).

29.     Numerous courts have used Section 105(a) to authorize payment of a debtor-in-possession's prepetition obligations where, as here, such payment is an essential element of the preservation of the Debtor's potential for rehabilitation.  *In re Just For Feet, Inc.*, 42 B.R. 821, 824 (D.Del.,1999); *Equalnet Communications*, 258 B.R. at 370; *In re Synteen Technologies*, Inc., 2000 WL 33709667, page 2 (Bankr. D.S.C. 2000) *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr.S.D.N.Y.1989)).

30.     Without question, the payment of the Taxes is necessary to avoid administrative difficulties.  Withholding a Tax payment could cause the taxing and other authorities to take precipitous action, including increased audits and lift stay motions necessitating much time and attention of the Debtor and its counsel at the critical early stages of this Chapter 11 case.

31.     Finally, most, if not all, of the Taxes are entitled to priority status under Section 507(a)(8) of the Bankruptcy Code.  The payment of the prepetition portion of the Taxes at this juncture more likely than not only affects the timing of the payment and not the amount to be

received by any Tax claim holders. Therefore, other creditors and/or parties-in-interest are not prejudiced by the relief requested herein if granted.

### VII.   BANKRUPTCY RULE 6003

32. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Bankruptcy Rule 6003. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001(c)(2)). As set forth throughout this Motion, any disruption of the current Cash Management System would substantially diminish or impair the Restaurants' efforts in these chapter 11 cases to preserve and maximize the going concern value of their estates.

33. The Debtor respectfully submits Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor and its bankruptcy estate.

### VIII.   BANKRUPTCY RULE 6004

34. The Debtor seeks a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the fourteen (14) day stay of any order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) in light of the exigent nature of the relief requested herein.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests the Court authorize, *but not require*, the Debtor to pay or otherwise honor the Debtor's pre-petition wage

and salary obligations; and for such other and further relief to which the Debtor may be justly entitled.

                                                Respectfully submitted,

Dated: April 25, 2023                               */s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**       972-578-1400
**F**       972-346-6791
***Proposed* Counsel for Debtor and Debtor in Possession**

**CERTIFICATE OF CONFERENCE**

The undersigned counsel hereby certifies that, prior to the filing of this Motion, he conferred with the following parties concerning their respective positions on the Motion:

| Attorney | Position |
| --- | --- |
| Marc Salitore, Assistant United States Trustee | Does NOT Oppose |
| Scott Seidel, Subchapter V Trustee | Left message at 11:45 a.m. No return call at time of filing. |

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**       972-578-1400
**F**       972-346-6791

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this 25th day of April, 2023. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first class mail.

### DEBTOR

**Saibaba Hotels, LLC,**
7417 Hidden Cove Lane
Frisco, TX 75034

### TRUSTEES

**Office of the United States Trustee**
110 North College Avenue, Room 300
Tyler, Texas 75702

**Scott Seidel (SBRA V)**
Sub V Chapter Trustee
6505 West Park Boulevard, 306
Plano, TX 75093

### SECURED LENDER

### ADDITIONAL PARTIES IN INTEREST AND/OR PARTIES REQUESTING NOTICE

**SEE ATTACHED MATRIX**

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**         972-578-1400
**F**         972-346-6791

**Pay Period**

| Employee Name | Department | Total Regular Hours | Gross Pay | Tax | Net Pay |
|---|---|---|---|---|---|
| Misty | Guest Service Agent | 59.75 | $657.25 | $58.30 | $598.95 |
| Felicia | Housekeeping | 58.5 | $526.50 | $40.27 | $486.23 |
| Kimberly | Housekeeping | 49.25 | $443.25 | $33.91 | $409.34 |
| DylaN | Guest Service Agent | 48.25 | $530.75 | $40.61 | $490.14 |
| Kacie | Housekeeping | 57 | $570.00 | $43.61 | $526.39 |
| Stephanie | Manager | 37.5 | $440.63 | $33.71 | $406.92 |
| Tammy | Guest Service Agent | 56.75 | $510.75 | $39.08 | $471.67 |
| Tommie | Housekeeping | 0 | $0.00 | $0.00 | $0.00 |
| Tracie | House Keeping | 62.25 | $560.25 | $42.86 | $517.39 |
| Sherri | House Keeping | 12 | $108.00 | $8.27 | $99.73 |
| **Totals** | | | **$4,347.38** | **$340.62** | **$4,006.76** |

# EXHIBIT "A"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 23-40703<br>Eastern District of Texas<br>Sherman<br>Tue Apr 25 14:29:03 CDT 2023 | ANAND SYSTEMS INC<br>35 E 10th St.<br>Tracy, CA 95376-4058 | ATT<br>208 S. Akard St.<br>Dallas, TX 75202-4295 |
| Anuradha Puligundla<br>7417 Hidden Cove Ln.<br>Frisco, TX 75034-0682 | Attorney General of the United States<br>Main Justice Bldg., Rm. 5111<br>10th & Constitution Ave. N.W.<br>Washington, DC 20503-0001 | Booking.com<br>28 Liberty St FL 29<br>New York, NY 10005-1499 |
| Brightspeed<br>1120 South Tryon Street<br>Charlotte, NC 28203-4244 | COMMUNITY COFFEE<br>12120 Colonel Glenn Rd, Ste 2000<br>Little Rock, AR 72210-2838 | Couture Hotel Corporation<br>c/o Justin Strother<br>Strother Law Firm<br>3000 Weslayan St. Ste. 348<br>Houston, TX 77027-5753 |
| DFW MOTEL SUPPLY TEXTILE<br>4220 Shilling Way<br>Dallas, TX 75237-1023 | DIRECTV SERVICE<br>2230 E Imperial Hwy Fl 10<br>El Segundo, CA 90245-3502 | Robert DeMarco III<br>DeMarco-Mitchell, PLLC<br>1255 West 15th St., 805<br>Plano, TX 75075-7225 |
| EAST CEDAR CREEK WATER DIRECT<br>115 Hammer R.<br>Gun Barrel City, TX 75156-5220 | EAST CEDAR CREEK WATER DIRECT<br>115 Hammer Rd,<br>Gun Barrel City, TX 75156-5220 | Eco Lab<br>2305 Sherwin St.<br>Garland, TX 75041-1299 |
| Expedia<br>1111 Expedia Group Wy W<br>Seattle, WA 98119-1111 | Expedia Group<br>1111 Expedia Group Way W.<br>Seattle, WA 98119-1111 | FERRELL GAS LP<br>161 Eldorado Pkwy<br>McKinney, TX 75069 |
| Henderson County Occupancy Tax<br>125 N. Prairieville St., Suite 103<br>Athens, TX 75751-2070 | Henderson County Property Tax<br>125 N. Prairieville St., Suite 103<br>Athens, TX 75751-2070 | Internal Revenue Service<br>Central Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Kaufman County Property Tax<br>P.O. Box 339<br>Kaufman, TX 75142-0339 | Level3 Communications<br>1025 ELDORADO BLVD.<br>Broomfield, TX 80021-8254 |
| Level3 Communications<br>1025 ELDORADO BLVD.<br>Broomfield, CO 80021-8254 | Muni Services LLC<br>TX Hotel Occupancy Tax<br>PO Box 830725<br>Birmingham, AL 35283-0725 | NEW CARBON B TO B<br>4101 William Richardson Drive<br>South Bend, IN 46628-9485 |
| Office of the Attorney General<br>Bankruptcy-Collections Division<br>Po Box 12548<br>Austin, TX 78711-2548 | Office of the United States Trustee<br>110 N College Ave Ste 300<br>Tyler, TX 75702-7231 | PS PAY, INC<br>6500 Greenville Ave 515<br>Dallas, TX 75206-1027 |

| | | |
|---|---|---|
| Pilgrim Bank<br>2401 South Jefferson Ave.<br>Mount Pleasant, TX 75455-5960 | REPUBLIC SERVICES TRASH<br>801 E College Street<br>Lewisville, TX 75057-4077 | Ramakrishna Krothapalli<br>7417 Hidden Cove Lane<br>Frisco, TX 75034-0682 |
| SHIFT4<br>2202 N Irving St.<br>Allentown, PA 18109-9554 | Saibaba Hotels, LLC<br>7417 Hidden Cove Lane<br>Frisco, TX 75034-0682 | Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702-7231 |
| Sonesta Intl.<br>400 Centre St.<br>Newton, MA 02458-2094 | TACS<br>5420 LBJ Freeway, Suite 900<br>Dallas, TX 75240-6284 | TARA ENERGY<br>PO Box 301438<br>Dallas, TX 75303-1438 |
| TKELEVATOR CORP<br>4355 Excel Pkwy, Ste 800<br>Addison, TX 75001-5605 | Texas Alcoholic Beverage Commission<br>License and Permits Division<br>Po Box 13127<br>Austin, TX 78711-3127 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| Texas State Comptroller<br>Texas Attorney General<br>PO Box 12548<br>Austin, TX 78711-2548 | Texas Workforce Commission<br>101 E. 15th Street, Rm 556<br>Austin, TX 78778-0001 | Texas Workforce Commission<br>TEC Building - Bankruptcy<br>101 E 15th St<br>Austin, TX 78778-1442 |
| U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | (p)HUD OGC REGION VI<br>TIMOTHY E FEELEY<br>307 W SEVENTH ST SUITE 1000<br>FT WORTH TX 76102-5108 | U.S. Dept. of Veterans Affairs<br>Regional Office, Finance Section (24)<br>701 Clay Ave<br>Waco, TX 76799-0001 |
| U.S. Securities & Exchange Comm.<br>Fort Worth Regional Office<br>801 Cherry St Ste 1900 Unit 18<br>Fort Worth, TX 76102-6819 | U.S. Small Business Administration<br>150 Westpark Way Ste 130<br>Euless, TX 76040-3705 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| United States Attorney<br>110 North College Ave. Ste. 700<br>Tyler, TX 75702-0204 | Williams Pest Control<br>1428 S 3rd St.<br>Mabank, TX 75147-7580 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Texas Comptroller of Public Accounts<br>Bankruptcy Section<br>Po Box 13528<br>Austin, TX 78711-3528 | U.S. Department of HUD<br>307 W. 7th Street Suite 1000<br>Fort Worth, TX 76102 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)ANAND SYSTEMS INC
35 E 10th St.
Tracy, CA 95376-4058

(d)ATT
208 S. Akard St.
Dallas, TX 75202-4295

(d)Booking.com
28 Liberty St FL 29
New York, NY 10005-1499

(d)Brightspeed
1120 South Tryon Street
Charlotte, NC 28203-4244

(d)COMMUNITY COFFEE
12120 Colonel Glenn Rd, Ste 2000
Little Rock, AR 72210-2838

(d)DFW MOTEL SUPPLY TEXTILE
4220 Shilling Way
Dallas, TX 75237-1023

(d)DIRECTV SERVICE
2230 E Imperial Hwy Fl 10
El Segundo, CA 90245-3502

(d)Eco Lab
2305 Sherwin St.
Garland, TX 75041-1299

(d)FERRELL GAS LP
161 Eldorado Pkwy
Mckinney, TX 75069

(d)Muni Services LLC
TX Hotel Occupancy Tax
PO Box 830725
Birmingham, AL 35283-0725

(d)NEW CARBON B TO B
4101 William Richardson Drive
South Bend, IN 46628-9485

(d)PS PAY, INC
6500 Greenville Ave 515
Dallas, TX 75206-1027

(d)REPUBLIC SERVICES TRASH
801 E College Street
Lewisville, TX 75057-4077

(d)SHIFT4
2202 N Irving St.
Allentown, PA 18109-9554

(d)Sonesta Intl.
400 Centre St.
Newton, MA 02458-2094

(d)TKELEVATOR CORP
4355 Excel Pkwy, Ste 800
Addison, TX 75001-5605

(d)Tara Energy
P.O. Box 301438
Dallas, TX 75303-1410

End of Label Matrix
Mailable recipients    52
Bypassed recipients    17
Total                  69